## ROLAND FISH & others *vs.* HENRY F. THOMAS.

An oral promise by one of the owners of a ship, to pay a claim for labor and materials furnished for her construction and charged to the builder, in case a libel to enforce a lien upon a similar claim shall be sustained in the admiralty, is not a promise to answer for the debt of another, within the statute of frauds; and the agreement of the promisee to forbear to enforce his claim in the admiralty is a good consideration for the promise, whether he actually had a lien or not.

ACTION OF CONTRACT. The declaration alleged that the plain· tiffs furnished certain labor and materials for the building of the

ship John A. Parker, which were used in its construction; that on the 13th of October 1852, when the ship was at New Bedford, and the plaintiffs were about to libel her in the admiralty to enforce a lien which they had upon her for the value of said labor and materials, under the *St.* of 1848, *c.* 290, the defendant, who was the agent and one of the owners of the ship, in consideration that the plaintiffs would refrain from libelling the ship, promised the plaintiffs to pay them the amount of their claim, provided a libel then about to be brought by John T Atsatt against the ship on a similar claim should be sustained. in admiralty; that the plaintiffs, relying upon this promise, did refrain from libelling the ship, and their lien was thereby lost; that Atsatt's libel was sustained in admiralty, and his claim paid; yet the defendant, though often requested, had refused to pay the claim of the plaintiffs.

The answer denied that the plaintiffs ever had any lien upon the ship, or any claim upon the defendant; and alleged that the defendant's contract for the building of the ship was wholly with Wilson Barstow, who was fully paid therefor before said 13th of October; that the defendant never made any agreement with the plaintiffs for labor and materials; and that the agreement alleged by the plaintiffs would not have supported an action without a memorandum thereof in writing, and would have been without consideration.

The case was tried in this court, and reserved for the opinion of the whole court upon the declaration and answer, and the following evidence, introduced by the plaintiffs:

Wilson Barstow testified that in 1852, at Mattapoisett, he built the John A. Parker for the defendant and others, by contract, and built another ship at the same time and place; that the plaintiffs furnished him lumber for both ships, and their bill was made out solely against him, and that he, after his insolvency, and before the ship was libelled, marked on the bill the items which he supposed went into this ship; that the ship was towed to New Bedford to be fitted for sea, and was delivered to the defendant, and fully paid for before said 13th of October, and before his own insolvency.

William P. Handy, a former clerk of the plaintiffs, testified that on the morning of said 13th of October he received the plaintiffs' account from them, with instructions to obtain payment thereof from the defendant, or some satisfactory arrangement, and, failing in this, to have the ship libelled, as there was but one day left; that he called at the defendant's counting-room, and the defendant said he wished to save expense, and did not see the need of more than one libel, and had proposed to give a bond to certain other parties having like claims, to pay them in the event of Atsatt's libel being sustained, and some of them had agreed to accept the proposition; and also said that the plaintiffs' bill should share the fate of Atsatt's, and if that libel should be sustained, and he should pay Atsatt's bill, he would pay the plaintiffs'; that the witness then said to the defendant that, with this understanding, he would leave the bill, and that the plaintiffs would look to the defendant to do as he had above agreed; that he then left the bill, and reported the matter to the plaintiffs, who said it was all right, and took no further steps towards libelling the ship, and did not libel her.

It was admitted that the defendant was agent and one of the owners of the ship, and that Atsatt obtained a decree of the district court of the United States in his favor, and that he, as well as the parties named in said bond, had been paid before the commencement of this action.

*A. Borden,* for the plaintiffs.

*R. C. Pitman,* for the defendant. The plaintiffs had no cause of action against the defendant when the promise declared on is alleged to have been made. From the evidence, it appears that the materials were sold to Barstow, the builder, upon his own account, and exclusive credit given to him; and therefore the plaintiffs had no lien under the statute of Massachusetts of 1848, c. 290. *Smith* v. *Steamer Eastern Railroad,* 1 Curt. C. C. 253. Forbearance of a groundless claim is no consideration for a promise. 1 Parsons on Con. 365, 366. Smith on Con. 102. *Cabot* v. *Haskins,* 3 Pick. 83. *Wilbur* v. *Crane,* 13 Pick. 284. *Wade* v. *Simeon,* 2 C. B. 548. There was no binding obligation to forbear on the part of the plaintiffs, and therefore no

mutuality in the alleged promise. *Oxford Bank* v. *Lewis*, 8 Pick. 458. *Mecorney* v. *Stanley*, 8 Cush. 85. 1 Parsons on Con. 373, 512. The alleged promise is in fact an agreement to answer for the debt of another, and as such within the statute of frauds; and the original debtor still remaining liable, even a new consid- eration will not take the case out of the statute. Rev. Sts. *c.* 74, § 1, *cl.* 2. *Trustees of Free Schools in Andover* v. *Flint*, 13 Met. 539. *Curtis* v. *Brown*, 5 Cush. 488. *Green* v. *Creswell*, 10 Ad. & El. 453. 1 Saund. 211, *note.* Smith on Con. 46, 47.

SHAW, C. J. As the parties have left the case upon the tes- timony of Handy, and the facts agreed, the court are of opinion that the plaintiffs are entitled to recover. The plaintiffs claimed to have a lien on the defendant's vessel, with the existing means of enforcing it by an admiralty process. Their agreement to forbear to attempt to enforce that lien was a good consideration for the defendant's promise to pay if that suit should be decided in favor of a party having a similar claim.

If it was not the defendant's own debt, capable of being en- forced by a personal suit against him, it was a debt for which the defendant's property stood hypothecated; his obvious pur- pose was, to get a release of his own property without addi- tional expense. It was a consideration moving directly from the plaintiffs to the defendant. It was not a promise to pay the debt of another, in the sense of the statute of frauds; it was a promise to pay a debt for which his property was responsible, and which was therefore his debt *sub modo.*

The defendant is estopped from denying that the plaintiffs had a lien; that was alleged on one side and denied on the other, and was the very subject of controversy; the parties agreed that it should abide the decision of a court of com- petent jurisdiction, in a case then pending; it was decided in favor of the plaintiffs, and the defendant is bound by it.

*Judgment for the plaintiffs.*